By the Court.—Clerke, J.
(After disposing of two points of minor interest.) III. The only question worthy of any consideration in this case, is, whether the action on the judgment in question is barred by the Statute of Limitations.
Eegarding’ this as a judgment of the Marine Court, and in conformity with the decision in Lester v. Redmond (6 Hill, 590), admitting that, in reference to the provisions of the Eevised Statutes, relative to the limitations of actions, the Marine Court is not to be deemed a court of record, it appears to me, that, by the provisions of the Code, the period prescribed for the commencement of actions is twenty years upon a judgment, or decree in any court. The provisions of title II., chap. 4, part IIJ., of the Eevised Statutes, relate to actions in all courts, — courts of record and courts not of record, — and, by the 18th section of that title, the time limited for the commencement of actions upon judgments of any court, not being a court of record, is six years. Mew legislation, however, is entirely substituted by the Code of Procedure for the provisions of the Eevised Statutes. This legislation is contained in title II. of the Code, consisting of four chapters, and thirty-eight sections. The very first section of this title (§ 73) repeals all the provisions of the Eevised Statutes, and substitutes the provisions of the title in their stead. In the class of actions, the commencement of which is limited to six years, those upon judgments rendered in any court, are omitted (§ 91), while in the class of actions, the commencement of which is limited to twenty years, judgments of any court of the United States or of any State or Territory are included (§ 90). In the Eevised Statutes the distinction between courts of record, and courts not of record is carefully observed; as in the 1st and 2nd subdivisions of section 18 of title II., relating to the limitation of six years, and in section 46.relating to the limitation of twenty *129 years; while the Code of Procedure makes no such distinction, and, with an evident intent, entirely ignores it.
This action is, therefore, not barred, ■ and the judgment should be reversed, and a new trial ordered, costs to abide event.